[No. 19518.   Department Two.   December. 22, 1925.]

## W. D. WESTCOTT, *Respondent*, v. M. DONION, *Appellant*.[1]

[1] PLEADING (59-1, 156)—ANSWER—MATTER AVAILABLE UNDER GENERAL DENIAL—STRIKING OUT MATTER. Under general denials in an action on a note, alleged to have been endorsed to plaintiff before maturity, defendant may show conspiracy and fraud in the endorsement to defeat a garnishment against the payee.

[2] APPEAL (145)—PRESERVATION OF GROUNDS—EXCEPTIONS TO FINDINGS. In the absence of exceptions to the findings or any statement of facts, error cannot be assigned on striking an affirmative defense which was admissible under general denials.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered December 8, 1924, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*E. C. Dailey* and *A. E. Dailey,* for appellant.
*Louis A. Merrick,* for respondent.

MACKINTOSH, J.—Respondent filed a complaint upon a promissory note, made by the appellant, payable to one P., the complaint alleging that the payee, for value and before maturity, sold and indorsed the note to the respondent, who had ever since been the owner and

[1]Reported in 241 Pac. 658.

holder thereof, that no part of the note had been paid, although past due, and asked for judgment for the amount of the note, together with interest and attorney's fees. The appellant answered, admitting the making of the note, denying that it had been sold and indorsed to the respondent for value and before maturity, and denying that anything was due thereon. The court found in conformity with the allegations of the complaint and entered judgment accordingly.

Upon this appeal, no statement of facts is presented, and the case must be determined as it appears from the transcript. There it is shown that, at the conclusion of the respondent's case, the appellant offered an amended answer and permission was given by the court to file it. This amended answer contained an affirmative defense to the effect that the respondent, if he had the note in his possession, had obtained it through conspiracy and fraud, entered into between him and the payee for the purpose of defeating a proceeding in which the payee was defendant and the appellant was garnishee defendant. A motion was made to strike the affirmative matter in the amended answer and the motion was granted, upon what ground does not appear. As far as the transcript shows, nothing further was done by the appellant, and he is now here urging that the judgment be reversed for the error of the court in sustaining the respondent's motion to strike the affirmative defense in the amended answer.

[1] As we view it, there is nothing upon which this error can be properly predicated. The affirmative matter contained in the amended answer was matter which was properly provable under the general denials contained in appellant's original answer; and if testimony had been offered—and we cannot say that it was not, in the absence of a statement of facts—substantiating the allegations of the affirmative defense, it should have

been received under the general denial even after the affirmative defense had been stricken. There was no error of the court in striking the affirmative defense, for the reason already stated.

[2] And there is nothing in the record before us to show that the appellant was precluded from producing what evidence he had under his general denial. And the court having found that the respondent was a purchaser for value before maturity, and a *bona fide* holder, and no exception having been taken to the findings, and they supporting the judgment, there is nothing remaining for us to do but to affirm it.

TOLMAN, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.